IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

UNITED STATES OF AMERICA

    v.                                                          CRIMINAL NO. 2:07CR099

RANDY MARCHBANKS

**ORDER**

This matter comes before the court on the motion of Randy Marchbanks for clarification or modification of the special conditions of his supervision imposed on him by the court at the time of his sentencing on June 12, 2008. For the following reasons, the movant's motion is denied.

**Facts and Procedural Posture**

Randy Marchbanks is the president and chief operating officer of Mid-South Specialties, Inc., a Memphis based industrial paint and flooring contractor. Mid-South regularly purchases large quantities of paints, adhesives, and solvents for use in its painting and flooring services. For years, Marchbanks stored excess or partially used pails and drums of paint, solvents, and other wastes in an outdoor area behind Mid-South's main warehouse. Over time, these materials began to accumulate and deteriorate.

In the beginning of 2006, Marchbanks offered to pay Mid-South employees to remove and dispose of the accumulated waste outside of the warehouse. On several occasions around the end of March 2006, two individuals, having been promised payment by Marchbanks, loaded a Mid-South truck with the excess paint, waste, solvents and other materials, and drove them to Panola and Tate counties in Mississippi, where they dumped them in areas which were not

1

permitted for the disposal of hazardous waste.

On February 25, 2008, Mr. Marchbanks' case proceeded to trial. On the third day of his trial, February 27, 2008, he entered a plea of guilty to Count 1 of the Indictment pursuant to a written plea agreement that was filed the same day. Under the terms of the plea agreement, Mr. Marchbanks was required to pay restitution in the amount of approximately $127,982.43, and serve four months of Home Confinement. On June 12, 2008, the district court sentenced Mr. Marchbanks. The instant motion was filed on June 17, 2008.

**Analysis**

Mr. Marchbanks asks for clarification or modification of special condition 4 of his sentence, which indicates that his Home Confinement is to be "consistent with the rules and regulations of Home Incarceration, which means the defendant will be confined at his residence at all times except for medical emergencies or to attend medical appointments previously approved by the probation officer." Specifically, Mr. Marchbanks requests that the court clarify special condition 4 because his counsel "has never encountered or heard of a sentence of home incarceration." For this reason, the policies, rules, and regulations of Home Confinement, as authored by the Administrative Office of the United States Court, are set forth as follows:

> Home Confinement (HC) is really a generic term indicating that an offender (post-conviction) or defendant (pretrial) must be confined to his home for periods of time, depending on the type of HC. HC may be electronically or non-electronically monitored. Electronic monitoring (EM) is by far the better means since it provides complete 24 hour coverage eliminating any chance the participant can beat or cheat the system. The cost of the program is now $3.18 per day or approximately $95 per month. Non-electronic monitoring requires an officer to telephone the participant frequently, as much as 4 to 5 times daily, 7 days a week, and also uses unannounced home and job visits weekly to confirm program adherence. This method is very time consuming and labor intensive. Even then a shrewd person, if he wants, can manage to beat the system.

2

> The 3 types of HC are:
>
> <u>Curfew</u> - This requires the participant to remain at his residence during limited, specified hours, generally at night. His daytime activities, while not ignored by the officer, do not draw constant scrutiny and verification.
>
> <u>Home Detention</u> - More severe than curfew, home detention requires the participant to remain at home at all times, except for employment, education, treatment or other times specified for the purchase of food or for medical and attorney appointments or otherwise approved by the officer. Home detention affords greater control over a participant's activities and is more punishing than curfew. The officer verifies the participant's absences from the residence to make certain he is where he is supposed to be.
>
> <u>Home Incarceration</u> - This is the most severe form of HC; the home actually substitutes for prison. Participants must remain at home all times with very few exceptions such as religious services or medical treatment. The goal here is to maintain rigid control and/or punishment.
> "The Federal Home Confinement Program For Defendants and Offenders", Monograph 113, Ch. 2, p. 10; "The Supervision of Federal Offenders", Monograph 109, Ch. 4, p. 30.

Paragraph four of Mr. Marchbanks' Special Conditions of Supervision clearly states that the defendant "shall comply with the rules and regulations of Home Incarceration." The court finds that its order is clear and requires no more clarification.

Mr. Marchbanks also requests that the terms of his home confinement be modified to either afford him the opportunity to complete his employment obligations, or, at least, permit him the opportunity to work four hours a day, five days a week, for the four months of his home confinement so that he may comply with the time deadline for paying his restitution and fine. The district court maintains wide discretion in fashioning sentences. *United States v. Compton*, 704 F.2d 739 (5th Cir. 1983). The court notes that the defendant is not prohibited from using a telephone or computer to meet his employment obligations, nor is he prohibited from meeting his employees in his house. The court finds that its sentence, as previously entered, is consistent with its intention to maintain rigid control over the defendant and to enforce appropriate punishment for his actions.

For the reasons set forth above, the instant motion [69] by Randy Marchbanks for clarification or modification of the special conditions of his supervision shall be **denied**.

**SO ORDERED**, this the 29th day of July, 2008.

>  **/s/ MICHAEL P. MILLS**
>  **CHIEF JUDGE**
>  **UNITED STATES DISTRICT COURT**
>  **NORTHERN DISTRICT OF MISSISSIPPI**